United States District Court
Southern District of Texas
**ENTERED**
October 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-565-1 |
| | § | |
| CYNTHIA MARIE JOSEY, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Cynthia Marie Josey's Motion to Reconsider Denial of Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 44), to which the United States of America (the "Government") has responded (D.E. 46) and Defendant has replied (D.E. 47, 48).

## I. BACKGROUND

In 2017, Defendant pled guilty to conspiracy to possess with intent to distribute 56.82 kilograms of methamphetamine. She has served roughly 38 months (40%) of her 96-month sentence and has a projected release date, after good time credit, of June 7, 2024.

Defendant previously filed a *pro se* motion to reduce her sentence and order her release to home confinement because she suffers from numerous medical ailments and fears contracting COVID-19 while in prison. D.E. 39. By written Memorandum Opinion & Order entered July 20, 2020, the Court denied Defendant's motion because: (1) she failed to offer evidence of any underlying medical condition that would make her particularly vulnerable to severe illness or death should she contract COVID-19, and (2) the Court was without sufficient information regarding Defendant's disciplinary history while in prison. D.E. 42.

1

Defendant is now represented by counsel and again moves the Court to reduce her sentence to time served with a condition of home confinement at the outset of her term of supervised release due to her "serious medical issues" and "unique susceptibility to contracting the fatal disease [COVID-19] while housed in a crowded facility with limited ability to take necessary self-protective measures." D.E. 44, p. 1. Counsel submitted an administrative request for compassionate release on Defendant's behalf on August 31, 2020, but the warden at FMC Carswell denied the request.

The Government opposes compassionate release on the grounds that: (1) Defendant's COVID-19 concerns do not constitute extraordinary and compelling circumstances; (2) she has failed to show that the Bureau of Prisons is incapable of managing the pandemic; and (3) she is a public safety risk if released.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

**III. ANALYSIS**

Defendant is 50 years old. She is obese and suffers from hyperlipidemia, hypothyroidism, sleep apnea, and severe joint pain. She also has a history of phobic anxiety disorder, post-traumatic stress disorder, and depression. According to Defendant, the combined effects of these conditions heighten her risk of severe illness or death if she contracts COVID-19, which is more likely in a prison setting due to her inability to practice social distancing and other protective measures. Defendant also emphasizes that she has "taken nearly every class available to her" and "has had no disciplinary infractions during her time at BOP." D.E. 44, p. 15.

While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii). Of the numerous medical conditions cited by Defendant, only obesity has been identified by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. While this increased risk to Defendant's health could constitute an extraordinary and compelling circumstance, the Court nonetheless finds that the § 3553(a) factors, as considered in the specific context of the facts of her case, do not warrant early release.

In the instant offense, Defendant and her co-defendant attempted to import 56.82 kilograms of methamphetamine, which was suspended in liquid inside of a gas tank, from Mexico into the United States. Defendant underscores that she qualified for safety valve based on her minimal scored criminal history—a single conviction for theft of property. However, her unscored criminal history detailed in the Presentence Investigation Report (D.E. 25) included convictions for assault bodily injury – family violence, disorderly conduct, and driving while intoxicated. Defendant has been arrested a total of six times for assault bodily injury – family violence, resulting in injuries to two different victims on more than one occasion. At the time of sentencing in this case, she also had state charges pending for theft and possession of a controlled substance. Finally, her Inmate Discipline Data sheet reflects that she was recently sanctioned for interfering with taking count. D.E. 46-1. On this record, the Court finds that releasing Defendant five years early, when she has served less than half of her sentence, would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider Denial of Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 44) is **DENIED**. Her motion to vacate the Court's previous order denying compassionate release (D.E. 43) is further **DENIED as MOOT**.

It is so **ORDERED** this 20th day of October, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE